PAUL HIRSCH ET AL. *v.* CAROL TOLONEN ET AL.
(AC 16949)

O'Connell, C. J., and Foti and Spear, Js.

Argued January 16—officially released April 14, 1998

*Neil R. Marcus*, with whom, on the brief, was *Monte E. Frank*, for the appellants (plaintiffs).

*Patrick J. Walsh*, with whom, on the brief, were *Richard P. Hastings* and *Steven P. Panos*, for the appellees (named defendant et al.).

*Opinion*

SPEAR, J. The plaintiffs, Paul Hirsch and Heidi Hirsch, brought suit against the defendants, Carol Tolonen[1] and Southern New England Telephone Company,

---

[1] The plaintiffs withdrew the complaint as to an additional defendant, Carl Tolonen, prior to trial.

alleging a trespass to their airspace with respect to certain overhead utility service wires that traverse the plaintiffs' property and serve Tolonen's residence. The plaintiffs appeal from the judgment of the trial court denying their requests for both money damages and an injunction ordering the defendants to remove the service wires. The plaintiffs claim that the trial court improperly interpreted the language of the subject deed to grant the defendants a right to maintain the service wires across the plaintiffs' property because there was no express language in the deed creating such an easement. We affirm the judgment of the trial court.

The trial court's memorandum of decision sets out the relevant facts. The plaintiffs and Tolonen are the respective owners of two contiguous parcels of property located on Fox Run Road in the town of Redding. Prior to subdivision, these parcels constituted a single tract of land that was owned by Joseph Michael and Mieke Michael. When the Michaels subdivided the land in 1983, a map depicting the subdivision was created and thereafter recorded in the Redding land records.[2] Between 1983 and 1992, lot A, currently owned by the plaintiffs, was conveyed several times by successive owners of the property.[3] In 1983, the deed by which the Michaels originally conveyed lot A made reference to two easements. The first easement provided for a mutual driveway in favor of the adjoining parcel, lot B. The second easement, in favor of the Southern New England Telephone Company, allowed for service wires to run over lot A to the west of lot B.

In 1987, Richard Sloper took title to lot A, the deed to which provided that title was subject to two easements, the telephone company easement and the driveway easement, and "notes and symbols shown on Map

[2] Map no. 3064, depicting the service wires, was recorded in the Redding land records on May 6, 1983.

[3] In 1983, the Michaels conveyed to Scott McArthur and Sally McArthur, who subsequently conveyed to Howard Patron in 1986.

[no.] 3064."[4] When Sloper defaulted on his mortgage in 1992, Citicorp Mortgage, Inc., the mortgagee, foreclosed on lot A. In 1993, the plaintiff, Heidi Hirsch,[5] took title to lot A. The property description in the deed from Citicorp to Hirsch also made reference to map no. 3064.[6]

In 1994, the defendant, Carol Tolonen purchased lot B, the title to which was subject not only to the telephone company and driveway easements, but also to the map's notes and symbols that were referenced within the deed's property description. In 1996, the plaintiffs brought the unsuccessful action for trespass, seeking money damages and an order that the defendants be required to remove the service wires that traversed the plaintiffs' property. This appeal followed.

The plaintiffs claim that the trial court improperly construed the language of their deed to grant the defendants an easement where no express language creating an easement in favor of lot B ever appeared in the deed to lot A. Additionally, the plaintiffs maintain that as a matter of law, an easement cannot be created simply because a purchaser accepts a deed subject to certain notes and symbols on a map.[7] We conclude that the

[4] The notes and symbols depict the overhead utility lines at issue. Not until Howard Patron's conveyance to Richard Sloper in 1987 did a deed for this property make reference to notes and symbols on a map.

[5] Heidi Hirsch took title to lot A under the name Heidi Halsey. She subsequently filed a name change certificate in October, 1995.

[6] The property description in the deed stated: "All that certain parcel of land together with the buildings and improvements thereon, situated in the Town of Redding, Fairfield County, Connecticut, shown and designated as Parcel A on a certain map entitled, Surveyor's Certificate Property Surveyed for Joseph E. & Mieke B. Michael, Location Fox Run Road, Substantially Correct by John M. Farnsworth, R.L.S. which map is filed in the Redding Land Records as Map #3064 to which reference may be held for a more particular description of the premises. SUBJECT, HOWEVER TO . . . 3.) Notes and symbols as shown on Map No. 3064 of file in the Redding Town Clerk's Office."

[7] The plaintiffs also assert that no reservation of an easement or right of way appeared in their chain of title. As a collateral matter, we note that

plaintiffs' easement claims miss the mark. The actual issue here is whether the map's notes and symbols became *part of* the deed itself, such that the plaintiffs' acceptance of the deed and its restrictions clearly delineated the rights of the parties. We conclude that the notes and symbols did, in fact, become part of the deed itself and are therefore binding on the plaintiffs.

Our legislature has spoken with respect to the significance of a map that is referenced within the language of a deed. Specifically, General Statutes § 7-31 provides that "the map may be received and placed on file in the office of the clerk of the town in which such land is situated and shall thereupon be deemed a part of the deeds referring thereto . . . ." Here, it is undisputed that the subject map was timely and properly recorded. Moreover, it is well settled that when the language of a deed makes reference to a map, the "reference to the map in the deed, [f]or a more particular description, incorporates [the map] into the deed as fully and effectually as if copied therein." (Internal quotation marks omitted.) *Bankers Trust Co.* v. *Zoning Board of Appeals*, 165 Conn. 624, 631, 345 A.2d 544 (1974); see also *Cohen* v. *Holloways', Inc.*, 158 Conn. 395, 401, 260 A.2d 573 (1969); *Barri* v. *Schwarz Bros. Co.*, 93 Conn. 501, 508, 107 A. 3 (1919). The plaintiffs' deed clearly indicated that their title to lot A was "subject to" certain notes and symbols as shown on the map that was properly recorded in the office of the town clerk of Redding. The trial court soundly reasoned that "[t]he plaintiffs chose to accept a deed subject to notes and symbols

---

Richard Sloper, the owner of lot A when it was foreclosed on by Citicorp Mortgage, Inc., had taken title to lot A subject to the telephone company and driveway easements, as well as "notes and symbols shown on Map. No. 3064." If Sloper's deed was properly recorded, and we assume that it was, the plaintiffs would have been deemed, as a matter of law, to have had constructive notice of the fact that title to lot A was "subject to" two easements and notes and symbols on the subject map.

shown on map no. 3064. . . . [T]his burden could presumably have been rejected . . . . The plaintiffs did not choose that course."

The judgment is affirmed.

In this opinion the other judges concurred.